<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 08-4881**

_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

ANDRES WILFREDO TORRIENTE,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Spartanburg.  Henry F. Floyd, District Judge.
(7:07-cr-01363-HFF-2)

_____

Submitted:  March 10, 2010            Decided:  May 14, 2010

_____

Before MICHAEL,[1] SHEDD, and DAVIS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Jeffrey M. Brandt, ROBINSON & BRANDT, P.S.C., Covington,
Kentucky, for Appellant. W. Walter Wilkins, United States
Attorney, Leesa Washington, Assistant United States Attorney,
Greenville, South Carolina, for Appellee.

_____

     [1] Judge Michael was a member of the original panel but did
not participate in this decision.  This opinion is filed by a
quorum of the panel pursuant to 28 U.S.C. § 46(d).

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andres Wilfredo Torriente appeals from his conviction and 240-month sentence entered pursuant to his guilty plea to conspiracy to possess with intent to distribute and to distribute cocaine. On appeal, Torriente challenges the Fed. R. Crim. P. 11 hearing, the voluntariness of his plea, and his statutory mandatory minimum sentence. We affirm.

I.

Torriente first contends that the factual basis established was insufficient to support his guilty plea because it showed only that Torriente knew of the drug conspiracy; it failed to show that he participated in it. Fed. R. Crim. P. 11(b)(3) provides that "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." The rule is "intended to ensure that the court make clear exactly what a defendant admits to, and whether those admissions are factually sufficient to constitute the alleged crime," and it "is designed to protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge." United States v. Mastrapa, 509 F.3d 652, 659-60 (4th Cir. 2007).

3

"It is 'well settled that a defendant may raise on direct appeal the failure of a district court to develop on the record a factual basis for a plea.'" United States v. Ketchum, 550 F.3d 363, 366 (4th Cir. 2008) (quoting United States v. Mitchell, 104 F.3d 649, 652 n.2 (4th Cir. 1997)). In making a Rule 11(b)(3) determination, the district court possesses wide discretion and is not required to replicate the trial that the parties sought to avoid or to rely only on the Rule 11 plea colloquy, but may conclude that a factual basis exists from anything that appears on the record. Ketchum, 550 F.3d at 366-67; see also United States v. Martinez, 277 F.3d 517, 531-32 (4th Cir. 2002) (explaining that a sentencing court may consider the presentence report ("PSR") as a source of the factual basis to establish the crime, so long as the PSR is made part of the record on appeal); United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991) (noting that Rule 11 does not require the district court to establish through its colloquy that a factual basis exists for the plea).

Here, the PSR included a summary of Michael Roy Essex's statement that Torriente was involved in the scheme to transport cocaine, that he introduced Essex to other members of the conspiracy, and that he profited from the conspirators' cocaine sales. In addition, the PSR included circumstantial evidence further supporting the factual basis, specifically that

4

Torriente paid for a hotel room during a drug-related trip and that digital scales were found in his home. In fact, at the hearing on Torriente's motion to withdraw, counsel admitted that there was a factual basis when she noted that Essex "put Mr. Torriente [as] a primary player in the drug transaction that he was involved in." This evidence, combined with Torriente's admissions that he knew the purpose of the trip, are sufficient to establish a factual basis. Accordingly, we find that there was no Rule 11 error when the court found a factual basis for Torriente's plea.

## II.

Torriente next argues that the district court violated Rule 11 by misstating the elements of the conspiracy charge. According to Torriente, the district court's recitation of the elements confused the crime of possession with intent to distribute with the charged conspiracy. The elements of a drug conspiracy are as follows: (1) an agreement to violate the drug laws existed between two or more persons, (2) the defendant knew of the conspiracy, and (3) the defendant knowingly and voluntarily became a part of the conspiracy. United States v. Burgos, 94 F.3d 849, 857 (4th Cir. 1996) (en banc). Torriente's indictment specifically alleged that the conspirators agreed to

5

violate the drug laws by possessing with intent to distribute or distributing five kilograms or more of cocaine and marijuana.[2]

Our review of the record discloses that the district court's description of the elements of the offense sufficiently matched the charged crime. In fact, Torriente was informed of his crime in more specificity than the bare bones conspiracy elements. The court correctly, but unnecessarily, explained that he could be held responsible for the conspiracy's actions whether he directly participated in the distribution alleged or whether the distribution was merely foreseeable to him and within the scope of his agreement. See United States v. Brooks, 524 F.3d 549, 557-58 n.16 (4th Cir.) (noting that acts in furtherance of a conspiracy are attributable to all the conspirators when those acts are reasonably foreseen as a necessary or natural consequence of the unlawful agreement), cert. denied, 129 S. Ct. 519 (2008). To the extent the court stated the elements in more specific detail than required or outlined in the indictment, or even if the court's description described more proof than required by law, the court also covered all the elements of a conspiracy. Torriente's assertion

---

[2] The district court misread one of the words in the indictment during the Rule 11 hearing, essentially stating that the Government had to prove that the conspiracy distributed cocaine. However, this mistake increased, rather than decreased, the burden on the Government.

that he would not have pleaded guilty had the court provided less detail or stated that the Government's burden was easier is illogical.  Accordingly, we find no reversible error.[3]

III.

Torriente contends that his plea was not constitutionally valid because it was not voluntary or intelligent given the alleged errors addressed above, as well as the fact that Torriente was never actually asked to enter a plea.  The standard for determining whether a guilty plea is constitutionally valid is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.  Burket v. Angelone, 208 F.3d 172, 190 (4th Cir. 2000).  In applying this standard, courts

---

[3] Torriente also contends that the district court erred by failing to mention marijuana in its description of the elements, even though it was charged in the indictment.  However, when an indictment charges in the conjunctive several means of violating a statute, a conviction may be obtained on proof of only one of the means.  United States v. Simpson, 228 F.3d 1294, 1300 (11th Cir. 2000).  Thus, again, the district court's failure to mention marijuana inured to Torriente's benefit.  While it would have been more correct to state that the Government had to prove that *either* cocaine or marijuana was involved in the conspiracy, Torriente pled guilty after hearing the court state that the Government was required to prove cocaine.  Any allegation that Torriente would not have pled guilty had he known that the Government could prove cocaine *or* marijuana is frivolous.

7

look to the totality of the circumstances surrounding the plea. Id.

As discussed above, there was no reversible error in either the court's acceptance of the factual basis or the court's recitation of the elements of the offense. Moreover, even were there error, it was not constitutionally significant because it is clear that Torriente made a reasoned choice to plead guilty in light of Essex's expected testimony. Prior to his appeal, Torriente never expressed any confusion as to the import of the guilty plea, or the consequences thereof.

Regarding the court's failure to actually ask Torriente to enter a plea, Torriente is correct that the record is devoid of any explicit plea. However, it is clear that Torriente understood he was pleading guilty, intended to plead guilty, and believed that he had pled guilty, as did the court and the Government. In response to the court's question, Torriente stated that he was pleading guilty because he was guilty of the crime. In his motion to withdraw his guilty plea, Torriente never argued that he had not pled guilty, never expressed confusion about the guilty plea proceeding, and in fact, proceeded to attempt to withdraw a plea that he now contends he never entered. Thus, while the court could have been more thorough in its colloquy with Torriente, the totality of the circumstances makes it clear that Torriente pled guilty

8

knowingly and voluntarily in order to avoid a harsher sentence based on Essex's testimony. Accordingly, there was no constitutional error.

IV.

Next, Torriente contends that the district court erred by denying his motion to withdraw his plea. We review a denial of a motion to withdraw a guilty plea for an abuse of discretion. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). A defendant bears the burden of demonstrating to the district court's satisfaction that a "fair and just reason" supports his request to withdraw. Fed. R. Crim. P. 11(h).

In determining whether the trial court abused its discretion in denying a motion to withdraw a guilty plea, this court considers the six factors articulated in United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). The factors include, whether: (1) the defendant has offered credible evidence that his plea was not knowing or not voluntary; (2) the defendant has credibly asserted his legal innocence; (3) there has been a delay between the entering of the plea and the filing of the motion; (4) the defendant has had close assistance of competent counsel; (5) the withdrawal will cause prejudice to the government; and (6) the withdrawal will inconvenience the court and waste judicial resources. Id.

As discussed above, although Torriente has identified some questionable areas of the Rule 11 hearing, he has offered no evidence that his plea was not knowing or voluntary, and he has not credibly asserted his legal innocence.[4] While there did not appear to be undue delay, Torriente indisputably had close assistance of counsel.[5] Finally, the district court reasonably found that withdrawal of Torriente's plea would inconvenience the court and waste judicial resources. Accordingly, there was no abuse of discretion in denying the motion.

---

[4] Torriente based his motion to withdraw on the assertion that Essex had recanted his statement implicating Torriente. It is difficult to believe that Torriente was pleading guilty solely based on Essex's allegedly unreliable statement, as Essex's incriminating statement was made after he gave a conflicting statement stating that Torriente was not involved. Torriente's assertion that he pled guilty because he feared Essex would give false testimony against him is undermined by the fact that he could have cross-examined Essex with his prior, inconsistent statement. Essex's recantation (his third statement) is the only "evidence" Torriente submits in support of his innocence.

[5] After recognizing that this factor weighed in the Government's favor, Torriente makes a weak argument that his attorney misled him into believing he was guilty of conspiracy merely for getting into the car with his co-defendants. This claim is raised for the first time on appeal and, thus, does not affect our determination of whether the district court abused its discretion.

V.

Finally, Torriente contends that a sentence below the statutorily required minimum would have served the purposes of sentencing and that the district court erred in failing to impose a lower sentence. However, "[a] statutorily required sentence . . . is per se reasonable." United States v. Farrior, 535 F.3d 210, 224 (4th Cir.), cert. denied, 129 S. Ct. 743 (2008). Moreover, the district court had no discretion to impose a sentence outside the statutory range. United States v. Robinson, 404 F.3d 850, 862 (4th Cir. 2005). As such, this claim is frivolous.

Based on the foregoing, we affirm Torriente's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

11